## DAVISON *v.* DONADI.

Where rent is payable in advance, the right of the landlord to recover for the period of the tenant's actual occupation after rent becomes payable, is not defeated by the summary dispossession of the tenant, under the statute, in the middle of the quarter.

In an action for the wrongful detention and conversion of personal property, where an actual wrongful conversion is proved, evidence of a demand by the plaintiff before suit is unnecessary, although the defendant's original possession was lawful.

THE defendant was the lessee of a hotel owned by the plaintiff, who had also rented to him certain furniture contained therein. The rent of the hotel being payable monthly, in advance, the tenant was dispossessed for its non-payment in the middle of a month, and, upon leaving, took with him a part of the furniture.

The plaintiff then brought two actions against the defendant, in one of the district courts; one for use and occupation of the building, and the other for detention and conversion of the furniture. The latter was prosecuted without proof of a demand before suit. Judgments were given in the plaintiff's favor in both cases.

The appeal in the first suit was disposed of as follows :

BY THE COURT. WOODRUFF, J.—It appears by the return herein, that the plaintiff had let or rented to the defendant certain household furniture in the hotel No. 834 Broadway, (which hotel was also let by the plaintiff to the defendant,) at a stipulated rent, payable monthly, *in advance*, and with a privilege to the tenant to purchase the furniture during the term of the lease, five years, on certain terms specified.

During the continuance of this hiring, to wit, on the 1st of May, 1852, rent became due, and the same remaining unpaid, the defendant entered—pursuant to his right, reserved in the lease—and having obtained possession, brought

this action to recover for the rent which had become due. The court below gave judgment for the plaintiff for the use and occupation of the premises down to the time of the re-entry.

In this, I think, there was no error. Had the premises been surrendered by the tenant in the middle of a month, when no rent was due, (the same not being payable in advance,) the landlord would have terminated the tenancy by accepting the possession. He could not, according to the authority of *Guinman* v. *Legge*, 8 Barn. & Cress. 324, have had an action for the previous occupation. (See, also, *Whitehead* v. *Clifford*, 5 Taunt. 518.) But here the landlord's right of action for the entire month's rent was complete on the 1st day of May—before his re-entry. In the former case, the possession of the tenant ceased before any rent became due. Here the rent was due on the 1st day of May, and it was due by the express terms of the agreement. Full justice has been done to the defendant, by allowing an abatement for the portion of the month which remained when the landlord accepted the possession, and there is no occasion to inquire whether the plaintiff might have had judgment for the full month. The principles of the case of *Hinsdale* v. *White*, 6 Hill, 507, sustain this judgment, and it should be affirmed, with costs.

Judgment affirmed.

The following opinion was delivered in the action for the detention and conversion of the furniture :

BY THE COURT. WOODRUFF, J.—It will be sufficient, to dispose of the grounds urged by the appellant in support of his appeal herein, to say :

1. The action is brought by the plaintiff, who had let or rented certain chattels to the defendant, (the same then being in a hotel also leased to the defendant by the plaintiff,) to recover for the wrongful conversion of the chattels by the tenant. The justice has found such conversion, and the proof

tended to show that the tenant had wrongfully removed the property from the premises.

Such wrongful removal was itself a conversion, and where an actual conversion is proved, no demand by the plaintiff was necessary, although the defendant's original possession was lawful. A demand and refusal is only one mode of proving a conversion, and I have no hesitation in saying, that a wrongful removal of the chattels by the tenant was sufficient to sustain the action.

       *            *            *           *

The judgment should be affirmed, with costs.